UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE GIOVANNI FRANKLIN, JR.,

    Plaintiff,

v.                                                    Case No. 25-cv-0906-bhl

CO ANTHONY et al.,

    Defendants.

---

# DECISION AND ORDER

---

    Plaintiff Lawrence Franklin, Jr., who is incarcerated at the Kenosha County Detention Center, is representing himself in this 42 U.S.C. §1983 case. On July 17, 2025, pursuant to 28 U.S.C. §1915(b), the Court ordered Franklin to pay an initial partial filing fee of $22.89 by August 18, 2025. At Franklin's request, the Court extended the deadline to pay the fee to September 17, 2025. Dkt. No. 8. The Court warned Franklin that if the Court did not receive the initial partial filing fee by the deadline or an explanation as to why it had not been paid, the Court would deny his motion to proceed without prepaying the filing fee and would dismiss this action based on his failure to pay the filing fee. *Id*. at 1-2.

    The extended deadline has passed, and Franklin has neither paid the filing fee nor explained why he is unable to pay the fee. Accordingly, as warned, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this action without prejudice based on his failure to pay the filing fee. Because the dismissal is without prejudice, Franklin may refile his complaint. If he does so, he is reminded that he must either pay the $405 filing fee or request to proceed without prepaying the filing fee.

**IT IS THEREFORE ORDERED** that Franklin's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** based on Franklin's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Franklin must pay the $350 statutory filing fee. Accordingly, the agency having custody of Franklin shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Franklin is transferred to another institution, the transferring institution shall forward a copy of this Order along with Franklin's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Franklin is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.